UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER MCZORN,

                              Plaintiff,

        v.                                        3:08-CV-0726

JOHNSON CITY POLICE DEPARTMENT and,
SGT. WILLIAM HAVEN
                              Defendants.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff, Christopher McZorn, brought the instant action pro se seeking damages

for the alleged violation of his constitutional rights related to an automobile stop, search,

arrest and interrogation by Sgt. William Haven of the Johnson City Police Department.

Plaintiff alleges that: (1) he was falsely arrested and imprisoned; (2) he suffered defamation

of character; (3) he was coerced and threatened into making an involuntary statement and of

self incrimination; and (4) he suffered violations of the First, Fourth, Fifth, Eighth, Ninth, and

Fourteenth Amendments.  Defendants move for summary judgment arguing that: (1)

Defendants did not violate Plaintiff's civil rights; (2) Defendants had probable cause for the

search and arrest; (3) Defendants are entitled to qualified immunity; (4) Plaintiff is collaterally

estopped from arguing the probable cause issue; and (5) the defamation action has no basis

in state or federal law.

I.      **FACTS**

On July 6, 2007, while on parole, Plaintiff was arrested by Defendant Haven and

charged with criminal possession of a controlled substance in the third degree.  According to

the investigative report, a confidential informant advised Investigator John Ward (New York

State Police) that Plaintiff was currently in possession of cocaine and marijuana and that he

was operating a 1995 Mitsubishi Mirage, with New York State Registration number DXY8347.

The informant also mentioned that Plaintiff's girlfriend, Stephanie Beardsley, was in the car.

Officers approached the vehicle occupied by Plaintiff and Ms. Beardsley. Ms.

Beardsley granted Sgt. Haven permission to search her purse.  This search resulted in Sgt.

Haven finding two bags of suspected marijuana.  A parole officer, who was also present,

conducted a search of the vehicle and found seven additional bags of marijuana in a back-

pack and two bags of suspected cocaine in a deodorant container.  Plaintiff was placed

under arrest and advised of his Miranda rights.  Plaintiff waived his rights and indicated so by

initialing and signing a Miranda Warning Report.  Plaintiff also gave a statement wherein he

admitted possessing crack cocaine the police found in his vehicle and that he intended to sell

the cocaine.  Plaintiff alleges that this statement was coerced and involuntary.  Plaintiff was

charged with criminal possession of a controlled substance in the third degree.

Plaintiff was indicted by a Grand Jury and arraigned on that indictment. Plaintiff,

represented by counsel, moved to suppress the statement made to police claiming it was

involuntary.  Plaintiff was present during the entire suppression hearing and his attorney had

an opportunity to cross examine the witnesses.  Judge Martin E. Smith, Broome County

Court Judge, issued a decision and order in the suppression hearing, which concluded in

pertinent part, that:

The People have met their burden in establishing that the search in this case was beyond being a parole administrative search participated in by parole officer Richard White.  The Court also finds that the search was indeed consensual.

The Court found that Plaintiff was, in fact, brought to Johnson City Police Department, properly advised of his Miranda rights, voluntarily waived those rights, agreed to speak to police officers, and also thereafter gave statements to the police, both verbal and written, that were admitted at trial.

Plaintiff twice went to trial on this charge.  The first trial ended in a hung jury. Plaintiff was acquitted following the second trial.


II.      **STANDARD OF REVIEW**

Summary judgment, pursuant to Fed. R. Civ. P. 56(c), is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists.  Major League Baseball Properties, Inc. v. Salvino, 542 F.3d 290, 309 (2d Cir. 2008).  Only after the moving party has met this burden is the non-moving party required to produce evidence demonstrating that genuine issues of material fact exist.  Salahuddin v. Goord, 467 F.3d 263, 272-73 (2d Cir. 2006).  The nonmoving party must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); see also Fed.R.Civ.P. 56(e)

("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations ... of the [plaintiff's] pleading ...."). Rather, "[a] dispute regarding a material fact is *genuine* if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Ross v. McGinnis, 00-CV-0275, 2004 WL 1125177, at *8 (W.D.N.Y. Mar. 29, 2004) [internal quotations omitted] [emphasis added]. It must be apparent that no rational finder of fact could find in favor of the non-moving party for a Court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988). In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997) [citation omitted]; Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990) [citation omitted].

When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se,* ... a court is obliged to construe his pleadings liberally.'" (citations omitted)). However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

Additionally, where the nonmoving party fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute.  Cruz v. Lashway, 2009 U.S. Dist. LEXIS 51270, at *8 (N.D.N.Y. June 18, 2009) (citing Amnesty Am. v. Town of W. Hartford, 288 F.3d 467, 470 (2d Cir. 2002) (citations omitted); accord Lee v. Alfonso, 112 Fed. Appx. 106 (2d Cir. Oct. 14, 2004); Fox v. Amtrak, 04-cv-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006)).  Even pro se litigants must obey a district court's procedural rules.  Cruz, 2009 U.S. Dist. LEXIS 51270, at *8 (citing Krug v. County of Rennselaer, 2006 WL 2669122, at *3 (N.D.N.Y. Sept. 18, 2006) ("When dealing with a pro se party, certain procedural rules apply so as to insure that the pro se litigant is not disadvantaged by the lack of legal training.  In this regard, the Local Rules require that [a pro se party be informed of the consequences of failing to respond to a motion for summary judgment, before those consequences may be imposed]."); see also Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996) ("This Court has also held that summary judgment should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default.")).  The Court, in this case, warned Plaintiff of the consequences of failing to respond.  See Docket No. 58.  Local Rule 7.1(a)(3) requires that a nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).  Because Plaintiff has failed to comply with Local Rule 7.1(a)(3), the Court deems the Defendants' Statement of Material Facts as admitted.

III.     **DISCUSSION**

    a.     **False Arrest and Imprisonment**

Plaintiff alleges that he was falsely arrested and imprisoned.  "Under New York law, a plaintiff claiming false arrest must show, *inter alia,* that the defendant intentionally confined him without his consent and without justification." Weyant v. Oaks, 101 F.3d 845, 852 (2d. Cir. 1996) (citations omitted).  "A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." Id.  "The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or under § 1983.  Weyant, 101 F.3d at 852 (citing Bernard v. United States, 25 F.3d 98, 102 (2d Cir.1994)); see also Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d. Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause.").[1] "Thus, under both New York and federal law, summary judgment dismissing a plaintiff's false arrest claim is appropriate if the undisputed facts indicate that the arresting officer's probable cause determination was objectively reasonable." Jenkins v. City of New York, 478 F.3d 76, 88 (2d Cir. 2007).

In this case, Officer Haven approached Plaintiff after receiving a tip from a confidential informant that Plaintiff was in possession of cocaine and marijuana.  Drugs were found, in easy reach of Plaintiff, during a search of Plaintiff's car.  Plaintiff alleges that this

---

[1] "The New York Court of Appeals has expressly held that the presumption of probable cause arising from an indictment applies only in causes of action for malicious prosecution and is totally misplaced when applied in false [arrest] actions." McClellan v. Smith, 439 F.3d 137, 145 (2d. Cir. 2006) (internal quotes omitted).

search violated his Fourth Amendment rights and therefore could not provide the probable cause to arrest.  Defendants argue that Broome County Court Judge Martin E. Smith's, decision and order finding that the search was consensual should be given preclusive effect pursuant to the doctrine of collateral estoppel.

In Jenkins v. City of New York, 478 F.3d 76,85 (2d Cir. 2007), the Second Circuit Court of Appeals held that:

> In New York, collateral estoppel has two elements. "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from religitating the issue must have had a full and fair opportunity to contest the prior determination." Juan C. v. Cortines, 89 N.Y.2d 659, 667, 657 N.Y.S.2d 581, 679 N.E.2d 1061 (N.Y. 1997) (internal citation and quotation marks omitted)

In determining whether a party has had a full and fair opportunity to litigate, the Second Circuit held that "[i]f a party has not had an opportunity to appeal an adverse finding, then it has not had a full and fair opportunity to litigate that issue." Fuchsberg & Fuchsberg v. Galizia, 300 F.3d 105, 110 (2d Cir. 2002) (citing Johnson v. Watkins, 101 F.3d 792, 795 (2d Cir. 1996)).  "New York courts have held that facts determined in a pretrial suppression hearing cannot be given preclusive effect against a defendant subsequently acquitted of the charges." Jenkins, 478 F.3d at 92 (citing Johnson, 101 F.3d at 795-96).  "This rule is predicated on the defendant's lack of opportunity to obtain review of an issue decided against him." Jenkins, 478 F.3d at 92. Therefore, Plaintiff's acquittal precludes the Court from giving collateral estoppel to the determination made at the suppression hearing that the search was consensual.

Defendants did, however, have probable cause to search Plaintiff's car and therefore to arrest Plaintiff.  "Under the automobile exception to the Fourth Amendment

warrant requirement, police may conduct a warrantless search of a readily mobile motor

vehicle if probable cause exists to believe the vehicle contains contraband or other evidence

of a crime."  U.S. Const. Amend 4; US v. Gagnon, 373 F.3d 230 (2d Cir. 2004).  When the

police possess probable cause to believe a vehicle contains contraband, "they may conduct

a warrantless search of every part of the vehicle and its contents, including all containers and

packages in the vehicle.  Id. at 235.  Here, Defendant Haven asked Ms. Beardsley for

consent to search her purse.  Ms. Beardsley consented[2] and Defendant Haven found two

bags of suspected marijuana in her purse.  This gave Defendant Haven probable cause to

search the rest of the car for drugs.  Upon finding the suspected drugs, Defendant Haven

had probable cause to arrest Plaintiff.  Because Defendant Haven had probable cause to

search Plaintiff's car and therefore arrest him, the false arrest and false imprisonment claims

must be dismissed.

    **b.  Defamation**

    Plaintiff alleges that he was defamed as a result of Defendants publishing his name

in the newspaper.  Additionally, Plaintiff asserts that the arrest and the charge were made a

matter of public record on the local news station and radio.  These facts, as alleged by

Plaintiff, are insufficient as a matter or a law to support a claim pursuant to 42 U.S.C. § 1983.

    Generally, defamation is not actionable under 42 U.S.C. § 1983.  See Paul v.

Davis, 424 U.S. 693, 701 (1976) (holding that damage to one's reputation is not by itself

sufficient to invoke the procedural protection of the Due Process Clause so as to give rise to

---

[2]Although Plaintiff denied that Ms. Beardsley gave consent, he point to insufficient evidence, admissible in form, substantiating his denial.  Moreover, Plaintiff failed to properly respond to Defendants' Statement of Material Facts stating that Ms. Beardsley did consent.

a § 1983 claim.).  The Supreme Court held that loss of reputation must be coupled with some other tangible element in order to rise to the level of a protectible liberty interest. Siegert v. Gilley, 500 U.S. 226, 233 (1991).  The Second Circuit has 'interpreted this holding to mean that 'stigma plus' is required to establish a constitutional deprivation."  Houghton v. Cardone, 295 F. Supp.2d 268, 274 (W.D.N.Y. 2003) (citing Valmonte v. Bane, 18 F.3d 992, 999 (2d Cir. 1994)).  The courts have held that the general rule is that, in addition to alleging defamation, the plaintiff must allege "that the defamation occurred in the course of the termination of governmental employment or was coupled with a deprivation of a legal right or status."  Houghton, 295 F. Supp.2d at 275 (citing Abramson v. Pataki, 278 F.3d 93, 101 (2d Cir. 2002); see Valmonte v. Bane, 18 F.3d 992, 1001 (2d Cir. 1994)(A sullied reputation is insufficient for deprivation of a liberty interest);  Neu v. Corcoran, 896 F.2d 662, 667 (2d Cir. 1989) (the plaintiff must also allege the "plus," which may be "significant damage to a person's employment opportunities [or] dismissal from a government job or deprivation of some other legal right or status.").  Therefore, in order to state a claim for defamation under § 1983, a plaintiff must establish both that the statements at issue were defamatory and that they deprived him of a liberty or property interest.  See Siegert v. Gilley, 500 U.S. 226, 233 (1991).

In this case, Plaintiff has failed to allege that the statements in the news were defamatory or any specific injury that he sustained from his arrest being reported in the news. Moreover, Plaintiff has not alleged any deprivation of a legal right or status resulting from the alleged defamation.  Plaintiff's federal defamation cause of action, therefore, must be dismissed.

### c.    Coerced Statements

Plaintiff alleges that he was coerced into making a confession that he possessed the drugs recovered from his car.  In order to state a § 1983 claim stemming from coerced or involuntary statements Defendants must have coerced Plaintiff into making an incriminating statement and used that statement " at *any* criminal proceeding against the declarant" in violation of the declarant's Fifth Amendment rights.  Weaver v. Brenner, 40 F.3d 527, 535 (2d Cir. 1994).

In this case, Plaintiff's confession was not coerced.  Plaintiff alleges that officers threatened him and his girlfriend and as a result he confessed to owning the drugs at issue. The test for evaluating voluntariness of Plaintiff's confession requires an inquiry into whether Plaintiff's will was overborne by the circumstances surrounding the giving of confession. Dickerson v. United States, 530 U.S. 428, 433 (2000).  "The determination ' depends upon a weighing of the circumstances of pressure against the power of resistance of the person confessing.'"  Id. (citing Stein v. New York, 346 U.S. 156 (1953).

There is no dispute that the interrogation occurred in an office, that Plaintiff was not handcuffed, and that it lasted approximately 23 minutes.  Furthermore, Plaintiff was familiar with the process having had prior experience with police interrogation.  Plaintiff alleges, in his unsworn memorandum of law, that the Defendants made statements including, "if you man up take the charge I wont [*sic*] arrest Ms. Beardsley," "if you man up take the charge I just give her violation [*sic*]," "if you man up take the charge would [*sic*] give her appearance ticket," "Ms. Beardsley wont [*sic*] make it in jail with her condition," "if Ms. Beardsley is arrested she wouldn't be able to bring your kids to see you," "if your both arrested you will

lose everything in your apartment and your car, and if you don't man up, I will arrest both of

you," and "if you don't man up I'm going to have DSS take your kids." These statements,

even if accepted as fact, do not rise to the level of coercion.  See McMahon v. Hodges, 382

F.3d 284, 290 (2d Cir. 2004) ("It does not follow, however, that all inducements for a

defendant to plead guilty render either a plea or the consequent waiver of the right to trial by

jury involuntary."); United States v. Marquez, 909 F.2d 738, 742 (2d Cir. 1990) ("'Voluntary'

for purposes of entering a lawful plea to a criminal charge has never been meant the

absence of benefits influencing the defendant to plead."); Brady v. United States, 397 U.S.

742, 755 (1970) (a guilty plea "must stand unless induced by threats (or promises to

discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable

promises), or promises that are by their nature improper as having no proper relationship to

the prosecutor's business (e.g. bribes).")  Therefore, Plaintiff's claim that his Fifth

Amendment was violated through the use of his coerced statements must be dismissed.

### d.    First Amendment

Plaintiff alleges a violation of his First Amendment rights.  Plaintiff does not allege

however that Defendants prevented Plaintiff from making a statement or retaliated against

him for engaging in protected speech.  Therefore, any First Amendment claim asserted in

this action must be dismissed.

### e.    Eighth and Fourteenth Amendments

Plaintiff asserts, in wholly conclusory fashion, that his Eighth Amendment

protections against excessive bail and cruel and unusual punishment were violated by

Defendants. He provides no factual allegation upon which a fact finder could conclude that

Defendants played any role in a bail determination relative to Plaintiff (which, presumably,

was made by a neutral magistrate).  Therefore, the claim in this regard fails as a matter of

law.  See McZorn v. Endicott Police Dept., 2008 WL 163581, at *10 -11;

Dawkins v. Williams, 413 F. Supp.2d 161, 170-71 (N.D.N.Y.2006) ( "Defendant officers ...

were not responsible for the bail decisions made in relation to Plaintiff's detention or release.

Therefore, Plaintiff's Eighth Amendment claim fails.") (citations omitted).

Similarly, there is no evidence that Plaintiff was convicted of the crime of which

Defendants were involved and, therefore, no Eighth Amendment "cruel and unusual

punishment" claim attaches.  See Smith v. Ortiz, 2006 WL 1458404, at *5 (S.D.N.Y. May 25,

2006) ("A plaintiff may state a claim under the Eighth Amendment [for cruel and unusual

punishment] only if he or she has been adjudged guilty by a criminal proceeding at the time

of the events giving rise to the Eighth Amendment claim.") (citing SeeIngraham v. Wright,

430 U.S. 651, 671-72 (1977); City of Revere v. Massachusetts General Hospital, 463 U.S.

239 (1983)).  Plaintiff's Eighth Amendment claim is dismissed.

Plaintiff also fails to allege any facts sufficient to show a violation of the Fourteenth

Amendment.  Therefore, for the reasons stated above, and as Plaintiff has not alleged facts

that he was beaten in prison, Plaintiff's Fourteenth Amendment claim must be dismissed.

**f.   Ninth Amendment**

Finally, Plaintiff asserts a violation of the Ninth Amendment.  "The Ninth

Amendment is a rule of construction, not one that protects any specific right, and so no

independent constitutional protection is recognized which derives from the Ninth Amendment

and which may support a § 1983 cause of action." McZorn v. Endicott Police Dept., 2008 WL

163581, at *11 (N.D.N.Y.,2008) (citing Diaz v. City of New York, 2006 WL 3833164, at *7

(E.D.N.Y. Dec.29, 2006) (internal quotation marks and citations omitted)). Accordingly, any

Ninth Amendment claim is dismissed.

**IV.      CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is

GRANTED, and the COMPLAINT is DISMISSED IN ITS ENTIRETY.

IT IS SO ORDERED.

Dated:  December 30, 2009

Thomas J. McAvoy
Senior, U.S. District Judge